# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR418-020 |
| | ) | |
| ROBERT JIVENS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On March 23, 2018, the Court held an evidentiary hearing on defendant's motion to suppress cocaine and heroin found in his pants pocket during a search incident to his arrest. Docs. 19 & 20. Having carefully considered all evidence and arguments, the Court recommends denial of the motion.

I.  BACKGROUND

The facts are as follows as determined from the police reports, Defendant's affidavit, and the hearing testimony of Detectives James Hutcherson and Warren Weir. Both detectives worked in the Special Investigative Unit (SIU) of the Savannah Chatham Metropolitan Police Department at the time.

On December 1, 2017, Detective Hutcherson observed a green Nissan Altima in his rearview mirror while conducting surveillance in

the Cuyler-Brownsville neighborhood. Detective Hutcherson also observed a nonfunctional left brake light on the Altima. Based on SIU's extensive investigative work in that neighborhood, Detective Hutcherson knew Defendant was a suspected drug dealer who drove a green Altima even though his driver's license had been suspended since 2010. The Altima turned into Madison Apartments and the driver entered apartment 75, known by Detective Hutcherson to be the residence of Defendant's girlfriend. When the driver exited the Altima and entered the apartment, Detective Hutcherson positively identified him as Defendant.

Moments later, Defendant exited the apartment and drove away in the Altima with a female from the apartment as a passenger. Detective Hutcherson radioed units in the area that Defendant was driving a green Nissan Altima with a nonfunctional left brake light. Detective Hutcherson and other units surveilled Defendant until Detective Weir activated his police lights to initiate a traffic stop. Defendant stopped for the female passenger to exit the Altima, then accelerated and nearly collided with Detective Hutcherson's unmarked car. Defendant drove erratically to flee the police and ran nine or ten

stop signs at a high rate of speed until the officers discontinued the pursuit because of the danger posed to public safety.

Detective Weir never saw the Altima driver's face during the chase, and instead relied on the radio message from Detective Hutcherson that Defendant was the driver. There is no camera footage of the attempted traffic stop and chase because the police vehicles involved in the chase do not have dash cameras.

Based on Detective Hutcherson's identification of Defendant, Detective Weir prepared a warrant application and affidavit that resulted in the December 5, 2017 issuance of four state arrest warrants for the following offenses: felony fleeing to elude; reckless driving; driving on a suspended license; and a brake light violation. With the warrants in hand, Chatham officers spotted Defendant that same day and arrested him. In the search incident to the arrest, an officer recovered baggies from Defendant's pants pocket containing cocaine, crack, and heroin. These drugs form the basis of the indictment.

## II. ANALYSIS

By affidavit, Defendant contends "he was not behind the wheel of a moving vehicle" on December 1, 2017, the date of the police chase.

Doc. 20 at 1 (citing Affidavit of Robert Jivens at ¶ 3). Because Detective Weir never saw the driver's face and there is no dash camera footage, Defendant contends there is no proof he was the driver and the warrants lacked probable cause for his arrest. Without a valid arrest warrant, Defendant contends there was no basis for his arrest and the search incident to that arrest which resulted in discovery of the cocaine and heroin. Docs. 19 & 20.

Detective Hutcherson positively identified Defendant as the driver of the Altima and radioed nearby units, including Detective Weir, to convey this information immediately preceding Detective Weir's attempted traffic stop and the police chase. Detective Weir reasonably relied on this identification when initiating the traffic stop and attesting in the warrant application that Defendant was the driver.

Probable cause deals with probabilities that need not come from direct observation but may be inferred from the particular circumstances or based on evidence that would not be legally competent in a criminal trial. *Draper v. United States*, 358 U.S. 307, 311-12 (1959); *United States v. Jenkins*, 901 F.2d 1075, 1080 (11th Cir. 1990). Importantly for the case *sub judice*, probable cause may also be rooted

in "the collective knowledge of law officers if they maintained at least a minimal level of communication during their investigation." *United States v. Willis,* 759 F.2d 1486, 1494 (11th Cir. 1985).  Certainly, the hearing testimony conclusively established that SIU investigators, and all units surveilling and chasing Defendant, worked together as a team and engaged in frequent conversation during their investigation, including Detective Hutcherson's contemporaneous radio message when he identified Defendant as the Altima driver.  Detective Weir was entitled to rely on the information supplied by these officers in his affidavit supporting the warrant application.  *Zargari v. United States*, 658 F. App'x 501, 507 (11th Cir. 2016) ("'the collective knowledge of the investigating officers'" may "'be imputed to each participating officer'" (quoting *Terrell v. Smith*, 668 F.3d 1244, 1252 (11th Cir. 2012)).

Even if Defendant was not the driver (as he claims), the Court credits Detective Hutcherson's testimony that he was familiar with Defendant's appearance and honestly believed he observed Defendant exiting the apartment of Defendant's girlfriend and driving away in the Altima.  Detective Weir reasonably relied on Detective Hutcherson's identification.  The Court rejects any implication by Defendant that

5

Detectives Weir and Hutcherson concocted the identification, obtained the warrant by fraudulent means, and lied under oath to this Court during the evidentiary hearing. On the contrary, the officers' testimony was consistent and they were candid on the stand. *United States v. Ramirez-Chilel*, 289 F.3d 744, 749-50 (11th Cir. 2002).

For all of these reasons, even if Defendant was not the driver of the Altima during the police chase, the good faith exception to the exclusionary rule attaches pursuant to *United States v. Leon*, 468 U.S. 897 (1984). Under *Leon*, there are four scenarios under which the good faith exception to the exclusionary rule would not apply. The exception does not apply where the judge issuing the warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth. *Id.* at 923. Nor does the exception apply in cases where the issuing judge "wholly abandoned" his or her detached and neutral judicial role such that no reasonably well trained officer would rely on the warrant. *Id.* The warrant must not be based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable," and the warrant must not be so "facially deficient" that

6

the executing officers could not reasonably presume it was valid.  *Id.* There is no basis for finding any of these four circumstances occurred here, for the reasons already stated.

## III.  CONCLUSION

The Court **REPORTS and RECOMMENDS** Defendant's motion to suppress be **DENIED**.  Docs. 19 & 20.  This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __30th__ day of March, 2018.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA